**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| EDDIE TAYLOR, JR., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:13-CV-119 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court will summarily dismiss the motion because it is successive and movant has not obtained leave from the Eighth Circuit Court of Appeals to file it.

Movant was found guilty by a jury for violations of 21 U.S.C. § 841 and 18 U.S.C. §§ 922 & 924. United States v. Taylor, No. 1:04-CR-213 CAS (E.D. Mo.). On August 16, 2005, the Court sentenced movant to an aggregate term of 240 months' imprisonment. Movant subsequently filed a motion to vacate under § 2255, which the Court denied on the merits. Taylor v. United States, No. 1:06-CV-182 CAS (E.D. Mo.).

Movant now argues that he should be released from confinement based on the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. Id. at 2155. The Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack.

Title 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks jurisdiction to vacate or modify movant's sentence. As a result, the Court will dismiss this action without further proceedings. See 28 U.S.C. § 2255, Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of August, 2013.